United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41328
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LEONEL FLORES-HUERTA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-399-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Leonel Flores-Huerta (Flores) appeals following his guilty plea to a charge of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Flores argues, for the first time on appeal, that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of cocaine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Flores's argument is unavailing in light of circuit precedent. See United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Flores argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Flores also challenges for the first time on appeal the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Flores's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Flores contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Flores properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.